# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| GLENN EDWARD STEINOCHER, | § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION H-19-2205 |
| EDDIE BALL, *ET AL.*, | § § § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate in custody of Harris County, Texas, filed this *pro se* section 1983 lawsuit. He impliedly seeks leave to proceed *in forma pauperis*.

Having screened the lawsuit as required by sections 1915 and 1915A, the Court DISMISSES this lawsuit without prejudice for failure to state a viable claim for relief under section 1983.

### *Background and Claims*

Plaintiff states that he is a resident at a Harris County Dual Diagnosis Residential Program (DDRP) in Atascocita, Texas. DDRP is a residential substance abuse treatment facility for state inmates. He complains that on June 9, 2019, while at the DDRP facility, a female officer he identifies as defendant Officer T.J. purportedly told a group of black facility residents that he had called her "the n-word." One of the black residents, defendant Eddie Ball, spit on plaintiff and attempted to incite a fight. Other facility officers, however,

interceded and prevented a fight. As injuries from the incident, plaintiff complains that Ball spit on him and that plaintiff now "walks around in fear for his life."

Plaintiff names as defendants Officer T.J., Eddie Ball, and the Dual Diagnosis Residential Program. He seeks $2.5 million in damages from Officer T.J. for her failure to protect him from Ball's assault and from Eddie Ball for the actual assault. He pleads no facts giving rise to a claim against DDRP.

## *Analysis*

*Sections 1915 and 1915A*

Because plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is impliedly proceeding *in forma pauperis*, plaintiff's complaint is also subject to screening under section 1915(e)(2). Both sections 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds that it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

Under section 1915(e)(2)(B)(i), the Court may dismiss an *in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

*DDRP*

The Dual Diagnosis Residential Program is a residential substance abuse and rehabilitation program providing treatment services for qualifying individuals referred to the program. In plaintiff's case, Harris County public online court records show that he was referred to the program as a condition of his current community supervision through the Harris County Community Supervision and Corrections Department. *State v. Steinocher*, case number 1562465 in the 184th Judicial District Court of Harris County, Texas. DDRP is a rehabilitation program operated by county, state, or private agencies and is not a separate legal entity that can be sued. Plaintiff's claims against the DDRP must be dismissed.

*Officer T.J.*

Plaintiff complains that Officer T.J. caused and failed to protect him from the assault by fellow resident Eddie Ball. Plaintiff states that Ball assaulted him by spitting on him, using profanity, and threatening him. Ball attempted to start a physical altercation, but other officers stepped in and prevented any further disruption. Plaintiff states that he now "fears for his life," and requests $2.5 million in monetary damages from Officer T.J.

Petitioner is not entitled to monetary compensation in this lawsuit. 42 U.S.C. § 1997e(e) "prevents prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged." *Mayfield v. Tex. Dep't of Crim. Justice*, 529 F.3d 599, 605 (5th Cir. 2008); 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by

a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

Plaintiff has not alleged that the incident made the basis of this lawsuit caused him any actual physical injury. Consequently, to the extent that he seeks compensatory damages, his claims are frivolous and must be dismissed.

*Eddie Ball*

Plaintiff claims that Ball, a fellow resident, spit on him and attempted to start a fight. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). That is, section 1983 claims must be brought against a state actor. *Id.*

It is well established that a fellow inmate or detainee is not a state actor for purposes of section 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir.1996). Ball's actions upon which plaintiff bases his claims were clearly taken as a private person, not in any official capacity authorized by the State. Consequently, plaintiff's section 1983 claims against Ball have no basis in federal law and must be dismissed for failure to state a cognizable claim.

### *State Law Claims*

To any extent plaintiff raises state tort law claims against the defendants, the claims are not cognizable for purposes of section 1983. Under 28 U.S.C. § 1367(c)(3), a district

court may decline to exercise supplemental or pendant jurisdiction over a state law claim when it has dismissed all claims over which it has original jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011) (explaining that the rule in the Fifth Circuit "is to dismiss state claims when the federal claims to which they are pendent are dismissed"). Because the Court is dismissing all of plaintiff's federal claims, it declines to exercise supplemental or pendant jurisdiction over any state law claims raised by plaintiff.

## *Conclusion*

Plaintiffs' claims are DISMISSED WITH PREJUDICE as frivolous and/or for failure to state a claim upon which relief may be granted under section 1983. Any pending motions are DENIED AS MOOT. This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk of Court is to provide copies of this Memorandum Opinion and Order and the Final Judgment to plaintiff and the United States District Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas on June 28, 2019.

Gray H. Miller
Senior United States District Judge